**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**BILLINGS DIVISION**

_____

| | |
|---|---|
| D.O.J./CIVIL RIGHTS DIVISION VOLUNTEER AGENT F. GRANDINETTI, A FORMER U.S. ATTORNEY STAFFER, HAWAII, | Cause No. CV-06-62-BLG-RWA |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS CASE |
| U.S. ATTORNEY SHERRY SCHEEL MATTEUCCI, DISTRICT OF MONTANA; D.O.J. INVESTIGATION TEAM, TEXAS-MONTANA-HAWAII CONTRACTS; AND PUBLIC SAFETY DIRECTOR KEITH M. KANESHIRO, STATE OF HAWAII; ET. AL., CLASS-ACTION, | |
| Defendants. | |

_____

This matter comes before the Court on Plaintiff's Complaint, Rule 35 Motion; Costs Request filed April 19, 2006. (Document 1). It is unclear what precise relief Mr. Grandinetti is seeking from this Court. To the extent he seeks relief from his illegal sentence, the Court notes that Mr. Grandinetti has not been sentenced in this District and is not incarcerated in this District. Therefore this Court has no jurisdiction over what Grandinetti alleges is an illegal sentence.

FINDINGS AND RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE TO DISMISS CASE / PAGE 1

Grandinetti also appears to be seeking to initiate a civil action.  However, federal statutes require parties instituting a civil action to pay a filing fee of $350.00 or submit an application to proceed in forma pauperis.  See 28 U.S.C. §§ 1914, 1915.  Grandinetti has not filed either.  He did request an application for waiver of costs which was sent to him by the Clerk of Court's office.  However, no motion to proceed in forma pauperis has been filed.  Therefore, this case is subject to dismissal pursuant to 28 U.S.C. § 1914.

Furthermore, Grandinetti is not entitled to proceed in forma pauperis. According to multiple orders entered by numerous courts, Grandinetti is a Hawaiian inmate incarcerated in Tallahatchie County Correctional Facility in Tutwiler, Mississippi. See e.g., Grandinetti v. United States Attorney Daniel Bent, et al., Civil. No. 06-00147 (D.Hawaii) (3/20/2006-order dismissing complaint as barred by the three strikes rule contained in 28 U.S.C. § 1915(g)). He was convicted in the State of Hawaii in March of 1994 on one count of forgery and three counts of theft. See e.g., Grandinetti v. Tallahatchie County Correctional Facility, Civil No. 2:06-MC 1-JAD (N.D.Miss.) (2/27/2006-order denying the filing of the complaint pursuant to the three strikes rule and prohibiting Grandinetti from filing further pleadings). Grandinetti has filed at least thirty-five actions in the United States Courts since 1996. Grandinetti v. Ariyoshi, 2006 WL 695118 (D.Hawaii, March 15,

FINDINGS AND RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE TO DISMISS CASE / PAGE 2

2006). At least three or more of these actions were dismissed as frivolous or for failure to state a claim. Id.

The Prison Litigation Reform Act (PLRA) limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or for failure to state a claim, to obtain in forma pauperis status. 28 U.S.C. § 1915(g). Specifically, § 1915(g) provides that:

> In no event shall a prisoner bring a civil action ··· under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Grandinetti has brought at least three actions while incarcerated which have been dismissed on the grounds that they were frivolous, malicious or failed to state a claim upon which relief could be granted. See e.g., Grandinetti v. U.S. Marshals Serv., Civ. No. 00-00489 SOM-KSC (D. Haw., § 1983 case dismissed for failure to state a claim, Aug. 1, 2001); Grandinetti v. Bobby Ross Group Inc., et al., Civ. No. 96-00117 (E.D. Tex., § 1983 case dismissed as frivolous and for failure to state a claim on Mar. 5, 1999); Grandinetti v. Iranon, et al., Civ. No. 96-00101 (E.D. Tex., § 1983 case dismissed as frivolous and for failure to state a claim

on Jan. 26, 1998); Grandinetti v. Iranon, et al., Civ. No. 96-00118 (E.D. Tex., § 1983 case dismissed as frivolous on July 20, 1998).

Grandinetti has made no allegation of imminent danger of serious physical injury and a number of courts which have recently considered this same issue with regard to Grandinetti have denied him in forma pauperis status on this basis. See Grandinette v. Bush, 2006 WL 1658009, W.D.Ark., June 14, 2006, Grandinetti v. T-Hop, 2006 WL 1476029, M.D.Ala., May 24, 2006; Grandinetti v. Ariyoshi, 2006 WL 695118, D.Hawai'i, March 15, 2006; Kalanineki v. Gillmor, 2006 WL 335598, D.Hawai'i, February 10, 2006.

Accordingly, Grandinetti is not eligible for in forma pauperis status.

## RECOMMENDATION

Based on the foregoing, the undersigned United States Magistrate Judge **RECOMMENDS**:

1.  Grandinetti's request for release from custody should be **DENIED** for lack of jurisdiction.

2.  Grandinetti should not be allowed to proceed in forma pauperis in this matter.  If he fails to pay the filing fee of $350.00 within ten days of the denial of in forma pauperis status, this matter should be dismissed and the Clerk of Court directed to close the file.

The Clerk of Court shall serve a copy of the Findings and Recommendation on Plaintiff.  Plaintiff is advised that, pursuant

to 28 U.S.C. § 636(b)(1), any objections to the Findings and Recommendation must be filed with the Clerk of Court within 20 days after the date of this Recommendation, or objection is waived.

DATED this   19th   day of October, 2006.

/s/ Richard W. Anderson
Richard W. Anderson
United States Magistrate Judge

FINDINGS AND RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE TO DISMISS CASE / PAGE 5